ACCEPTED
04-14-00796-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/17/2015 6:31:46 PM
KEITH HOTTLE
CLERK

## No. 04-14-00796-CV

IN THE COURT OF APPEALS FOR THE
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
2/17/2015 6:31:46 PM
KEITH E. HOTTLE
Clerk

_____

LOCKHILL VENTURES, LLC,
APPELLANT,

V.

ARD MOR, INC.; ARDMOR PROPERTIES, LP; & TEXAS ARDMOR
MANAGEMENT, LLC,
APPELLEES.

_____

ON INTERLOCUTORY APPEAL FROM CAUSE NO. 2014-CI-10796, IN THE 407TH JUDICIAL
DISTRICT COURT IN BEXAR COUNTY, TEXAS
THE HON. RICHARD PRICE (SITTING BY ASSIGNMENT)

_____

**FIRST AMENDED APPENDIX IN SUPPORT OF
APPELLANT'S BRIEF ON THE MERITS**

_____

Tab 1        TEX. CIV. PRAC. & REM. CODE § 51.014

Tab 2        SAN ANTONIO MUNICIPAL CODE § 11-38

Tab 3        UNITED STATES CONSTITUTION, 1ST AMENDMENT

Tab 4        TEXAS CONSTITUTION, ARTICLE I, SECTION 8

Tab 5        TEXAS CONSTITUTION, ARTICLE I, SECTION 27

Tab 6        LETTER FROM JUDGE PRICE GRANTING APPLICATION FOR TEMPORARY
             INJUNCTION

Tab 7        TEMPORARY WRIT OF INJUNCTION

Tab 8          ORDER FOR TEMPORARY INJUNCTION

Tab 9          DECLARATION OF PROTECTIVE COVENANTS



LexisNexis (R) Texas Annotated Statutes
Copyright © 2014 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group
All rights reserved.

\*\*\* This document is current through the 2013 3rd Called Session \*\*\*

CIVIL PRACTICE AND REMEDIES CODE
TITLE 2.   TRIAL, JUDGMENT, AND APPEAL
SUBTITLE D.   APPEALS
CHAPTER 51.   APPEALS
SUBCHAPTER B.   APPEALS FROM COUNTY OR DISTRICT COURT

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

Tex. Civ. Prac. & Rem. Code § 51.014   (2014)

§ 51.014.   Appeal from Interlocutory Order

(a) A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that:

(1) appoints a receiver or trustee;

(2) overrules a motion to vacate an order that appoints a receiver or trustee;

(3) certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure;

(4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65;

(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state;

(6) denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73;

(7) grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, except in a suit brought under the Family Code;

(8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001;

(9) denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351;

(10) grants relief sought by a motion under Section 74.351(*l*);

(11) denies a motion to dismiss filed under Section 90.007; or

(12)   *[2 Versions: As added by Acts 2013, 83rd Leg., ch. 44]* denies a motion for summary judgment filed by an electric utility regarding liability in a suit subject to Section 75.0022.

(12) *[2 Versions: As added by Acts 2013, 83rd Leg., ch. 1042]* denies a motion to dismiss filed under Section 27.003.

(b) An interlocutory appeal under Subsection (a), other than an appeal under Subsection (a)(4), or in a suit brought under the Family Code, stays the commencement of a trial in the trial court pending resolution of the appeal. An interlocutory appeal under Subsection (a)(3), (5), (8), or (12) also stays all other proceedings in the trial court pending resolution of that appeal.

(c) A denial of a motion for summary judgment, special appearance, or plea to the jurisdiction described by Subsection (a)(5), (7), or (8) is not subject to the automatic stay under Subsection (b) unless the motion, special appearance, or plea to the jurisdiction is filed and requested for submission or hearing before the trial court not later than the later of:

(1) a date set by the trial court in a scheduling order entered under the Texas Rules of Civil Procedure; or

(2) the 180th day after the date the defendant files:

(A) the original answer;

(B) the first other responsive pleading to the plaintiff's petition; or

(C) if the plaintiff files an amended pleading that alleges a new cause of action against the defendant and the defendant is able to raise a defense to the new cause of action under Subsection (a)(5), (7), or (8), the responsive pleading that raises that defense.

(d) On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

(d-1) Subsection (d) does not apply to an action brought under the Family Code.

(e) An appeal under Subsection (d) does not stay proceedings in the trial court unless:

(1) the parties agree to a stay; or

(2) the trial or appellate court orders a stay of the proceedings pending appeal.

(f) An appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d). If the court of appeals accepts the appeal, the appeal is governed by the procedures in the Texas Rules of Appellate Procedure for pursuing an accelerated appeal. The date the court of appeals enters the order accepting the appeal starts the time applicable to filing the notice of appeal.

**Sec. 11-38. - Establishment of limits of districts in which storage of explosives and blasting agents is prohibited.**

The limits referred to in Section 5601 of the International Fire Code, in which storage of explosives and blasting agents is prohibited, are hereby established at five thousand (5,000) feet beyond the corporate limits of the city.

*(Code 1959, § 15-7; Ord. No. 55205, § 2, 4-15-82; Ord. No. 65619, § 1, 9-3-87; Ord. No. 79918, § 2, 3-31-94; Ord. No. 99482, § 2, 7-22-04; Ord. No. 2007-04-05-0360, § 8, 4-5-07; Ord. No. 2011-12-01-0985, § 3, 12-1-11)*

UNITED STATES CODE SERVICE
Copyright © 2014 Matthew Bender & Company, Inc.
a member of the LexisNexis Group (TM)
All rights reserved.

*** Current through PL 113-286, approved 12/18/14 ***

CONSTITUTION OF THE UNITED STATES OF AMERICA
AMENDMENTS
AMENDMENT 1

**Go to the United States Code Service Archive Directory**

*USCS Const. Amend. 1*

THE CASE NOTES SEGMENT OF THIS DOCUMENT HAS BEEN SPLIT INTO 7 DOCUMENTS.
THIS IS PART 1.
USE THE BROWSE FEATURE TO REVIEW THE OTHER PART(S).

Religious and political freedom.

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

1 of 1 DOCUMENT

LexisNexis (R) Texas Annotated Statutes
Copyright © 2014 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group
All rights reserved.

*** This document is current through the 2013 3rd Called Session ***

CONSTITUTION OF THE STATE OF TEXAS 1876
ARTICLE I.   BILL OF RIGHTS

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

*Tex. Const. Art. I, § 8*   (2014)

§ 8.   Freedom of Speech and Press; Libel.

   Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. In prosecutions for the publication of papers, investigating the conduct of officers, or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. And in all indictments for libels, the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases.

1 of 1 DOCUMENT

LexisNexis (R) Texas Annotated Statutes
Copyright © 2014 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group
All rights reserved.

*** This document is current through the 2013 3rd Called Session ***

CONSTITUTION OF THE STATE OF TEXAS 1876
ARTICLE I.   BILL OF RIGHTS

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

*Tex. Const. Art. I, § 27*   (2014)

§ 27.   Right of Assembly; Petition for Redress of Grievances

   The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or re-monstrance.



# RICHARD PRICE
# JUDGE
285TH DISTRICT COURT
BEXAR COUNTY COURTHOUSE
SAN ANTONIO, TX 78205

(210) 335-2086

October 10, 2014

**VIA EMAIL** jkfarwell@gardner.sa.com
Mr. Jay K. Farwell
Gardner Law
745 E. Mulberry, Ste. 500
San Antonio, Texas 78212

**VIA EMAIL** wshelton@shelton-valadez.com
Mr. Wade Shelton
Shelton & Valadez
600 Navarro St., Ste. 500
San Antonio, Texas 78205

**VIA EMAIL** john@johnchunnlaw.com
Mr. John Chunn
Attorney At Law
P.O. Box 396
Hondo, Texas 78861

**VIA EMAIL** Patrick.bernal@rampage-sa.com
**VIA EMAIL** Elizabeth.provencio@rampage-sa.com
Mr. Patrick Bernal
Ms. Elizabeth Provencio
Denton Navarro Rocha Bernal Hyde & Zech
2517 N. Main Avenue
San Antonio, Texas 78212

RE: Cause No. 2014-CI-10796
Ard Mor, Inc., et al. vs. Lockhill Ventures, LLC, et al.
Filed in the 407th District Court

127

Tab 6, Page 1 of 2
DOCUMENT SCANNED AS FILED

Dear Counsel:

After considering the application for injunctive relief, the responses, the evidence presented and the argument of counsel, it is my ruling that the temporary injunction should be granted. The final hearing on this matter is set for February 2, 2015 at 9:00 a.m. in Presiding District Court, Room 109. I want to set a hearing on the amount of the bond to be set within the next week. I am instructing counsel to confer on available dates and advise my Clerk so that a hearing can be held before October 20, 2014.

Very truly yours,

Judge Richard Price
285th District Court

RP/dg

Tab 6, Page 2 of 2

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

NO. 2014-CI-10796    With Bond



2014CI10796 -S00005

TEXAS ARDMOR PROPERTIES LP ET AL
Plaintiff
VS.

LOCKHILL VENTURES LLC
Defendant

TEMPORARY
WRIT OF INJUNCTION

IN THE DISTRICT COURT
 407th  JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

THE STATE OF TEXAS, COUNTY OF BEXAR

TO:  LOCKHILL VENTURES LLC
     BY SERVING ITS REGISTERED AGENT, SEAN NOONER

WHEREAS, TEXAS ARDMOR PROPERTIES LP ET AL                                  filed a petition and application for injunction in the District Court of the 407th Judicial District in and for Bexar County, on the 29th day of October , A.D. 2014 , in a suit numbered No. 2014-CI-10796 on the docket of said Court, wherein said TEXAS ARDMOR PROPERTIES LP ET AL plaintiff, and LOCKHILL VENTURES LLC defendant, the nature of the said application being substantially as follows, to-wit: TEMPORARY INJUNCTION

AND WHEREAS, the writ of injunction prayed for in the said petition of plaintiff aforesaid, has been granted by the Hon. RICHARD E. PRICE , presiding Judge of said Court, on condition that the said plaintiff TEXAS ARDMOR PROPERTIES LP ET AL file a bond in the sum of $100,000.00 , made payable and conditioned as required by law.

AND WHEREAS, the said plaintiff TEXAS ARDMOR PROPERTIES LP ET AL has executed and filed with the Clerk of said Court a bond in the sum of $100,000.00 , made payable and conditioned as required by law, and the fiat of the Judge aforesaid.

THEREFORE, You are hereby commanded that you desist and refrain from IN ACCORDANCE WITH ATTACHED ORDER

until further order of said District Court, to be holden within and for the County of Bexar, at the Courthouse thereof, in the City of San Antonio, at or before ten o'clock A.M. of the Monday next following the expiration of twenty days from the date of this Writ.

HEREIN FAIL NOT, but have you before said Court this Writ, with your return thereon, showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at San Antonio, Bexar County, Texas, on this the 5th day of November , 2014 .

JAY K FARWELL
ATTORNEY FOR PLAINTIFF
745 E MULBERRY AVE 500
SAN ANTONIO, TX 78212-3163

NOV 2 4 2014  FARWELL NO LONGER
W/LAW FIRM / TIME EXPIRED

DONNA KAY MCKINNEY
CLERK OF THE DISTRICT COURTS
OF BEXAR COUNTY, TEXAS
SAN ANTONIO, TEXAS  78205

BY _____ DEPUTY
ANTONIO MORALES

SHERIFF'S RETURN

CAME TO HAND _____ DAY OF _____ ,A.D. _____ , AT _____ O'CLOCK ____.M. AND EXECUTED THE _____ DAY OF _____ ,A.D. _____ , IN _____ AT _____ O'CLOCK ____.M. BY DELIVERING TO _____ IN PERSON A TRUE COPY OF THIS WRIT AT _____ SHERIFF, SERVED AT _____

I TRAVELED _____ MILES IN THE EXECUTION OF THIS WRIT. FEES: _____ SERVING WRIT $ _____ MILEAGE _____ TOTAL $ _____

_____ County, Texas

By _____

Document
scanned as filed.

FILE COPY
(DK010)

DOCUMENT SCANNED AS FILED



2014CI10796 -D407

## NO. 2014-CI-10796

| | | |
|---|---|---|
| ARDMOR, INC., TEXAS ARDMOR PROPERTIES, LP AND TEXAS ARDMORE MANAGEMENT, LLC **Plaintiffs,** | § § § § § | IN THE DISTRICT COURT |
| **V.** | § § | 407TH JUDICIAL DISTRICT |
| LOCKHILL VENTURES, LLC AND CITY OF SHAVANO PARK **Defendants.** | § § § § | OF BEXAR COUNTY, TEXAS |

### ORDER FOR TEMPORARY INJUNCTION

After due notice was given, the Court heard Plaintiffs' Application for Temporary Injunction in this cause. Plaintiffs, ARD MOR, INC., TEXAS ARDMOR PROPERTIES, LP and TEXAS ARDMORE MANAGEMENT, LLC, and Defendants, LOCKHILL VENTURES, LLC and THE CITY OF SHAVANO PARK appeared through their attorneys and party representatives and a hearing was held to the Court on July 23, July 30, August 7 and September 19, 2014.

After considering the evidence presented and the argument of counsel, the Court finds and concludes that plaintiffs will probably prevail against Defendant Lockhill Ventures, LLC on the merits of this cause. The Court further finds that-

1.    Plaintiffs, Texas Ardmor Properties, LP and Texas Ardmor Management, LLC, and Defendant Lockhill Ventures, LLC own adjacent tracts of land near the corner of Huebner Road and Lockhill-Selma, Shavano Park, Texas. Plaintiff operates a Luv N Care Child Development Center on its property. Defendant Lockhill Ventures, LLC's intends to construct improvements on its Property as soon as possible to be used as a convenience store, gasoline filling station with pay-at-the-pump devices, car wash, and retail space. Defendant Lockhill Ventures, LLC intends to build such improvements as soon as possible and before the Court can render judgment in this cause;

2.    Plaintiffs sued Defendant Lockhill Ventures, LLC and the City of Shavano Park. In the lawsuit, Plaintiffs allege that Defendant Lockhill Ventures, LLC's planned

1

development of the Property violates provisions of the Declaration of Protective Covenants to which the Property is subject. More specifically, among other assertions, Plaintiffs allege that Defendant Lockhill Ventures, LLC's planned development violates sections 4(b) and 4(b)(ii) of the Declarations of Covenant. Those sections provide:

> 4.    Use of Premises. The following provisions shall govern the development and use of the Property and Improvements in or on the Property or any portion thereof. ...

> ...(b) Prohibited Uses. No portion of the Property shall be used for any use prohibited by applicable zoning laws or other Governmental Regulations or for any of the following uses: ...

> ...(ii)    Storage, handling or use of explosive material.

Plaintiffs seek a temporary injunction to enjoin Defendant from constructing improvements to be used as a gasoline filling station. Plaintiffs have standing to sue Defendant Lockhill Ventures, LLC to enforce the Declaration of Protective Covenants;

3.    Evidence was presented during the hearing that shows 1) that gasoline vapors are explosive under certain conditions and 2) that gasoline vapors will most certainly be stored, handled or used on the Property if it is allowed to be developed and operated as currently planned by Defendant Lockhill Ventures, LLC. The evidence also shows that, without further action by the Planning and Zoning Commission and City Council, the planned development includes uses that violate the zoning ordinances of the City of Shavano Park which would further violate the Declaration of Protective Covenants;

4.    The evidence presented shows that Defendant Lockhill Ventures, LLC's proposed development of the Property will not comply with the Declaration of Protective Covenants because the planned development includes uses that are expressly prohibited. The Declaration of Protective Covenants expressly provide that no showing of irreparable harm or injury is required for injunctive relief to issue in connection with enforcement of the Declaration of Protective Covenants;

5.    Issuance of a Temporary Injunction is appropriate to maintain the status quo pending trial on the merits. If Defendant Lockhill Ventures, LLC carries out on its intention to commence construction of improvements as soon as possible and before the Court can render judgment in this cause, it will alter the status quo and tend to make ineffectual a judgment in favor of Plaintiffs in that infrastructure improvements to operate in violation of the Declaration of Protective Covenants will be in place and removal of such improvements will result in waste;

6.    If Defendant Lockhill is not deterred from carrying out its intention to develop the Property in violation of the Declaration of Restrictive Covenant, Plaintiffs will be without any adequate remedy at law in that permanent improvements that violate

2

DOCUMENT SCANNED AS FILED

the Declaration of Protective Covenants will have been constructed, subsequent removal of the improvements will result in waste, such construction will be disruptive to operations of the Luv n Care Development Center, and Plaintiffs Texas Ardmor Properties, LP's and Texas Ardmor Management LLC's real property value may be negatively effected.

IT IS, THEREFORE, ORDERED that Defendant, Lockhill Ventures, LLC, is commanded forthwith to desist and refrain from the following pertaining to the real property described as

Tract I: Lot 1813B, Lot 1813A & 1813B Shavano Park Subdivision Unit 16A-1, In the City of Shavano Park, Bexar County, Texas, according to plat thereof recorded in Volume 9652, Page 128, Deed and Plat Records of Bexar County, Texas; and

Tract II: 0.0837 acre (3,646 square feet) tract of land out of Lot 1813, Shavano Park Subdivision Unit 16A-1 in the City of Shavano Park, Bexar County, Texas according to plat thereof recorded in Volume 9553, Page 56, Deed and Plat Records of Bexar County, Texas:

1. Commencing or continuing construction of any improvements on the above described real property to be used for gasoline storage;

2. Commencing or continuing excavation for the purpose of installing gasoline storage tanks on the above described real property;

3. Commencing or continuing construction of any improvements to the Property to be used to dispense or distribute gasoline or other explosive material;

4. Commencing or continuing with any applications for approval by the City of Shavano Park or any other governmental authority to use the above described real property for storage or sale of gasoline or other explosive material;

5. Storage or sale of any explosive material, including but not limited to gasoline, on the above described real property.

This injunction shall remain in full force and effect until judgment is rendered by the Court in this cause.

IT IS FURTHER ORDERED that trial on the merits of this cause is ordered set for February 17, 2015 at 8:30 a.m. in the Monitoring Court of Bexar County, Texas.

DOCUMENT SCANNED AS FILED

This Order shall not be effective unless and until Plaintiffs execute and file with the clerk a bond, in conformity with the law, in the amount of One Hundred Thousand Dollars.

The clerk shall forthwith, on the filing by Plaintiffs of the bond, and on approving the bond according to the law, issue a Temporary Injunction in conformity with the law the and terms of this Order.

SIGNED on _October 29_, 2014

_____
JUDGE PRESIDING

APPROVED AS TO FORM AND ENTRY REQUESTED:

By:_____
JAY K. FARWELL
State Bar No.: 00784038
AARON M. SAXON
State Bar No.: 224066028
GARDNER LAW
745 East Mulberry Avenue, Suite 500
San Antonio, Texas 78212
Tel. (210) 733-8191
Fax. (210) 733-5538
Email: jkfarwell@gardner.sa.com
**Attorneys for Plaintiffs ARD MOR, INC., TEXAS ARDMOR PROPERTIES, LP and TEXAS ARDMORE MANAGEMENT, LLC**

APPROVED AS TO FORM:

Shelton & Valadez
600 Navarro Street, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
Email wshelton@shelton-valadez.com

By: _____

    Wade B. Shelton
    State Bar No. 18211800
    COUNSEL FOR DEFENDANT
    LOCKHILL VENTURES, LLC

DENTON NAVARRO ROCHA BERNAL HYDE & ZECH
A Professional Corporation
2517 North Main Avenue
San Antonio, Texas 78212
Telephone: (210) 227"3243
Facsimile: (210) 225-4481
llatrick.bernal@rampage-sa.com
elizabeth.provencio@rampage-sa.com

By: _____

    PATRICK C. BERNAL
    State Bar No. 02208750
    ELIZABETH MARIE PROVENCIO
    State Bar No. 24025600
    COUNSEL FOR DEFENDANT CITY OF SHAVANO PARK



**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER**

## DECLARATION OF PROTECTIVE COVENANTS

This Declaration of Protective Covenants ("Declaration") is made to be effective as of December 14, 2007, by **Shavano Creek Commercial Partnership Unit 1, Ltd.**, a Texas limited partnership ("Declarant").

Declarant is the owner of the real property in Bexar County, Texas, described in **Exhibit A** attached hereto and incorporated herein ("Property").

Declarant desires to provide for the systematic, orderly development and use of the Property to ensure that the use and development of the Property and the improvements constructed thereon are not incompatible with any adjoining commercial properties and residential neighborhoods.

NOW THEREFORE, Declarant declares that the Property shall hereinafter be held, transferred, sold, conveyed, occupied and used subject to the covenants, requirements, conditions, restrictions, easements and charges hereinafter set forth, it being expressly acknowledged and agreed that the covenants, restrictions, easements and conditions herein set forth shall run with the land and be binding on all parties having all right, title or interest in the Property, and their respective heirs, successors and assigns.

1.     **DEFINITIONS.**

(a)     "Applicable Area" means that portion of the Property lying within fifty feet (50') of the Property line abutting Huebner Road or Lockhill-Selma Road.

(b)     "City" means the City of Shavano Park, Texas, and its applicable agencies, departments, and commissions.

(c)     "Declarant" means Shavano Creek Commercial Partnership Unit 1, Ltd., a Texas limited partnership, and its permitted successors or assigns who are designated by Declarant as such in writing in accordance with the terms hereof, and who consent in writing to assume the duties and obligations of the Declarant with respect to the Property.

(d)     "Declaration" means this instrument and any amendment or supplement hereto duly approved in accordance with the terms hereof and recorded in the Official Public Records of Real Property of Bexar County, Texas.

(e)     "Governmental Authority" means all federal, state and local authorities, agencies, commissions and regulatory bodies having jurisdiction over the Property, or any portion thereof, or over the Declarant or any Owner.

(f)     "Governmental Regulations" means all statutes, rules, codes, ordinances, regulations, permits, licenses and other requirements of any Governmental Authority.

(g)     "Improvements" means every structure on the Property and all appurtenances thereto, including, but not limited to, buildings, outbuildings, recreational facilities, roads, driveways, sidewalks, walkways, paved areas, parking areas, fences, screening walls, retaining walls, loading areas and facilities, signs, utilities, lawns, hedges, mass plantings, landscaping, water lines, sanitary and storm sewers, electrical

1



CERTIFICATE
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____          7-16-14
        Deputy



PLAINTIFF'S
EXHIBIT
1

7-23-14

and gas distributions facilities, street lights, fiber optic and telecommunications equipment and facilities, and all exterior HVAC or other exterior fixtures or equipment, pumps, tanks, lines, antennas, satellite dishes, towers, metering equipment and other utility or infrastructure facilities.

(h)     "Owner" means and refer to each owner of record, whether one or more persons or entities, of fee simple title to all or any part of the Property, including contract sellers, but excluding those having such interest merely as security for the performance of an obligation.

(i)     "Property" means and refer to the real property in Bexar County, Texas described in **Exhibit A** attached hereto and incorporated herein, and/or any portion thereof.

(j)     "Required Plans" means complete architectural renderings and site plans, including grading plans, exterior elevations, light spillage plans, landscape and irrigation plans, and any other plans or information deemed necessary in the reasonable judgment of the Declarant in accordance with **Section 3** herein in order to ensure that the Improvements are not incompatible with adjacent residential neighborhoods or commercial properties, as further described in **Section 3** herein.

2.     **PROPERTY SUBJECT TO THIS DECLARATION**. The real property which is and shall be held, transferred, sold, conveyed, developed and occupied subject to this Declaration is the Property described in **Exhibit A** attached hereto and incorporated herein.

3.     **ARCHITECTURAL CONTROL.**

(a)     **Plan Review.** No Improvement shall be erected, constructed, placed, altered (either by addition or deletion), maintained or permitted to remain on any portion of the Property until the Required Plans, in such form and detail as the Declarant may deem reasonably necessary, shall have been submitted to and approved in writing by the Declarant, as to conformity with the requirements and standards set forth in **Sections 4 and 5** herein. The Required Plans shall include the location of all easements affecting the Property. The Declarant may employ professional consultants to assist it in such review, and impose reasonable fees for processing of applications. The decision of the Declarant shall be final, conclusive, and binding upon the applicant and the Declarant, entitling the applicant to rely on such decision.

(b)     **Limitation of Liability.** Declarant and its representatives shall not be liable to any person subject to or possessing or claiming the benefits of this Declaration for any damage or injury to property or for damage or loss arising out of their acts hereunder. Declarant's evaluation of the Required Plans is solely to determine compliance with the terms of this Declaration. Declarant expressly disclaims any responsibility to determine compliance of the plans with any applicable Governmental Regulations, building code or other standard for construction. Declarant shall not be responsible for reviewing any plans or specifications from the standpoint of structural safety, engineering soundness, or conformance with building or other codes, or other Governmental Regulations, nor shall Declarant's approval be deemed a verification of the structural safety, engineering soundness, or conformance of the Improvements to building or other codes, or other Governmental Regulations. Neither the Declarant, nor any of the partners, employees or agents thereof, shall be liable in damages or otherwise to anyone submitting plans and specifications for approval or to any Owner affected by this Declaration by reason of mistake of judgment, negligence, or nonfeasance arising out of or in connection with the approval or disapproval or failure to approve or to disapprove any plans and specifications or requests for variance.

(c)     **Procedures.** Declarant shall notify Owner in writing whether any Required Plans are approved or disapproved (specifying reasons for disapproval) within twenty (20) days after Declarant has received the Required Plans and written notice that the Owner desires to obtain Declarant approval thereof. If plans submitted by any Owner are not sufficiently complete or are otherwise inadequate, Declarant may reject them as being inadequate or may approve or disapprove them in part, conditionally or unconditionally, and reject the balance, or may notify the Owner that additional documents or information are required. If the submitted plans are deemed to be inadequate or incomplete and written notice of

2



CERTIFICATE

The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____          7·16·14
        Deputy

such determination is given to Owner within twenty (20) days of submission of such plans, the twenty (20) day review period shall not commence until Declarant has received a complete set of the Required Plans. If Declarant fails to reject or approve submitted plans within the review period, such plans shall be deemed approved as submitted by the Owner.

(d)     **Variances.** Declarant may, but shall not be obligated to, grant variances and waivers relative to deviations from this Declaration, or to correct or avoid hardships to any Owner. Upon submission of a written request for variance, Declarant may, from time to time, in its reasonable discretion, permit an Owner to construct, erect or install an Improvement which is in variance from the covenants, restrictions or architectural standards which are provided in this Declaration. In any case, however, the Improvement with such variances must not, in Declarant's reasonable discretion, materially and detrimentally affect the adjacent residential and other commercial properties. All requests for variances shall be in writing, shall be specifically indicated to be a request for variance, and shall indicate with specificity the particular standard sought to be varied and the nature of the variance requested. All requests for variances shall be deemed to be disapproved if Declarant has not expressly approved such request in writing within fifteen (15) days of the submission of such request. Declarant shall not be liable to Owner or any other person for any claims, causes of action or damages arising out of the grant of any variance to an Owner. Each request for a variance submitted hereunder shall be reviewed independently, and the grant of a variance to any one Owner shall not constitute a waiver of Declarant's right to deny a variance to another Owner. The decisions of Declarant with respect to variances shall be final and mutually binding upon the applicant and Declarant. All variances, to be effective, must be in writing and in recordable form. Owners are advised that certain variances may require the separate approval of the City or other applicable Governmental Authority.

(e)     **Approval Letter.** Upon approval of the final Required Plan submittals, an Approval Letter will be issued by Declarant. The Approval Letter must be signed by the Owner and returned to Declarant before construction of the Improvements specified therein may begin. By execution and delivery to Declarant of the Approval Letter, the Owner covenants and agrees as follows:

(i)     Construction of the Improvements will be completed within twelve (12) consecutive months from start of construction.

(ii)     Construction will be in substantial accordance with the approved Required Plans.

(iii)     Any material exterior changes after final approval of the Required Plans by Declarant must be approved in writing by Declarant prior to construction of those changes.

(iv)     Declarant may, upon advance notice to Owner, make regular inspections of the Improvements and construction site at times reasonably acceptable to Owner and accompanied by a representative of Owner if required by Owner.

If any of these conditions are not met and such failure continues for twenty (20) days after written notice thereof to Owner detailing the nature of such failure, the Approval Letter shall terminate and be of no further force or effect, and Owner shall be subject to the plan review process and all other requirements set forth herein with respect to the construction of any Improvements on the Property.

(f)     **Failure of Declarant to Act.** If Declarant fails to provide Owner with written notice of its approval or disapproval of any plans within twenty (20) days after submission by Owner of the Required Plans (subject to Declarant's rejection thereof and/or request for additional documents or information pursuant to Subsection (c) above), it shall be conclusively presumed that Declarant has approved such plans; provided, however, that a deemed approval of any plan submittal shall not permit a violation of any of the terms of this Declaration, nor extend to any deviation from or alteration to the plans actually submitted, nor to any matter requiring a written variance.

3



CERTIFICATE
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
          Deputy



(g)    **Decisions Final.** All decisions of Declarant shall be final and binding, and there shall not be revisions of any action of Declarant except by appropriate legal proceedings. In the event of construction of Improvements or threatened construction of Improvements in violation of this Declaration, any Owner or Declarant may seek to enjoin such construction or seek other relief against the Owner and/or builder responsible therefor, provided that Owner shall first be given written notice of the perceived violation and a reasonable period of time to remedy the violation prior to the filing of suit as provided herein.

(h)    **Compliance Inspection and Enforcement.** Declarant, may, but is not required, to police or enforce compliance with such considerations as setbacks or other specific, objective construction requirements set forth herein. Declarant's agent may inspect those items reviewed by Declarant, including inspection for conformance to the site plan (grading and drainage), building plan, landscaping plan, and exterior design, colors and materials. In the event Declarant reasonably determines that significant field discrepancies exist, Declarant may notify Owner of the nature and extent of the discrepancy. Written clarification must be supplied by Owner to Declarant within ten (10) business days of receipt of such notification. In the event clarification by the Owner is not forthcoming or is determined to be inadequate by Declarant in its reasonable discretion, Declarant may at it's sole discretion retain a private consultant for the purpose of obtaining an outside opinion. All reasonable professional fees and expenses associated with the retention of a private consultant up to $750 may be assessed by Declarant against the Owner. Once any Improvements have achieved substantial completion, however, Declarant shall have no further right to notify Owner of any discrepancies hereunder, unless such Improvements are materially altered in any way after substantial completion or such Improvements are only visible and apparent after substantial completion.

4.    **USE OF PREMISES.** The following provisions shall govern the development and use of the Property and Improvements in or on the Property or any portion thereof.

(a)    **Permitted Uses.** Office, commercial, retail, restaurants, financial institutions, multi-family, office service, schools, churches, health care or medical facilities, or as otherwise permitted to the maximum extent by applicable zoning laws or other Governmental Regulations, unless expressly prohibited herein.

(b)    **Prohibited Uses.** No portion of the Property shall be used for any use prohibited by applicable zoning laws or other Governmental Regulations or for any of the following uses:

(i)    Any use which is noxious or offensive by reason of the emission or discharge of excessive noise, vibration, smoke, heat, radiation, fumes or wastes, odorous, or particulate matter.

(ii)    Storage, handling or use of explosive material.

(iii)    Commercial landfill, dump, junkyard or other similar operation.

(iv)    Raising, maintenance, housing or treatment of livestock or other animals overnight, other than in connection with the operation of a veterinary clinic on the Property.

(v)    Commercial storage or sales of motor vehicles, mobile homes, portable buildings or other temporary buildings, except that this restriction shall not apply to:

(1)    New automobile agency or dealer which is restricted to the display of automobiles of the current and immediately preceding model years.

(2)    The display or sales of restored "antique" or "classic" automobiles or other motor vehicles.

4



CERTIFICATE
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
        Deputy

(vi) Bars, nightclubs, taverns, play parks, dance halls, outdoor theaters and race tracks, except if such use is wholly contained within a bona fide restaurant or is otherwise offered as an incidental amenity to the primary business, such as a health club, tennis club or racquetball club.

(vii) Mortuaries, funeral homes, and cemeteries.

(viii) Temporary buildings, trailers and mobile homes in the open, except as a construction office for a project being constructed upon a portion of the Property and only for the period of such construction.

(ix) Adult entertainment and other sexually-oriented businesses, including, without limitation, massage parlor, adult bookstore or video store, adult theatre, adult dancing establishment, adult or hourly-rate motel, or any activity or use (which terms include anything capable of being discerned by any human senses) which is sexually-oriented, pornographic, obscene, lewd, or lascivious, as defined from time to time by the United States Supreme Court and/or Governmental Regulations.

5. **CONSTRUCTION AND DEVELOPMENT STANDARDS.**

(a) **Structural Requirements.**

(i) Exterior Walls: Each exterior wall shall be not less than eighty percent (80%) masonry, inclusive of brick, brick veneer, stucco, masonry, limestone, concrete, concrete block, or such other exterior building materials as may hereafter be in use for construction of first class buildings, in the north Bexar County area. No corrugated metal may be used. No product regardless of composition, which is manufactured to have a wood or non-masonry appearance, will be considered masonry.

(ii) Roof Design: Roof design shall be gable, Dutch gable, hip, shed, or flat roofs with parapets.

(iii) Roofing Material: Standing seam metal, Tennessee v-crimp, built-up, composition, and concrete tile are acceptable roofing materials.

(iv) Roof Structure: All objects mounted on the roof of any building, including, but not limited to, air-conditioning units, exhaust fans, and chillers, must be screened by parapets or other screening so as to shield the visibility thereof by residents of the neighboring residential subdivisions. The height of the screen must be equal to the height of the tallest item being screened.

(v) Overhead Doors: All overhead doors, service entrances and installation entrances shall be limited to side or rear entrances only. For the purpose of determining the side or rear elevation, the building wall line parallel or most closely parallel to any public street shall be deemed the front. In addition, a building located on a corner shall be deemed to have two (2) front elevations.

(b) **Lighting.**

(i) Parking Lot Lighting:

(1) Lights shall not exceed fifteen feet (15') in height, except that lights may be up to twenty feet (20') in height in the Applicable Area if approved by Declarant.

(2) Parking lots will be fully lighted from dusk until 10:00 p.m. or such longer time as determined by an Owner to provide for nighttime security.

5



CERTIFICATE
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____          9-16-14
          Deputy              Tab 9, Page 5 of 15

(ii) Wall or building lighting:

    (1) All lighting shall be ground-mounted or wall-mounted.

    (2) Lighting shall be designed so as to light only the exterior walls of the building, except for canopy lighting and/or sconce lighting, and further provided that security lighting may be installed on the rear wall of a building provided that all such lighting shall be directed downward to avoid light spillage on nearby residential neighborhoods.

(c) **Signs.**

  (i) Permitted signs are those which:

    (1) Identify the Property and give directions.
    (2) Identify a building or a particular business.

    (3) Monument signs, and pylon signs (in the Applicable Area only), which conform to the applicable ordinances of Governmental Authority.

    (4) Directional, advertising, promotional or for sale signs that are no larger than ten feet (10') wide and ten feet (10') tall.

  (ii) Prohibited signs are:

    (1) Portable signs of any kind.

    (2) Bench signs.

    (3) Signs protruding above the building roofline or building parapet, unless part of a special brand component or trademark requirement of a regional or national tenant.

    (4) Neon signs, blinking, rotating, animated, painted, Day-Glo colored signs, or internally lit signs, unless part of a special brand component or trademark requirement of a regional or national tenant.

    (5) For Sale signs, except two (2) signs used to advertise a particular Lot for sale or lease. Each For Sale sign must be removed as soon as the Lot is sold or leased.

    (6) Inflatables (e.g. purple gorillas) or banner signs (except for banner "For Lease" signs) located on any building elevation, roof or any other portion of the Improvements or the Property.

    (7) "Bandit" signs located in the Property or on any street outside the Property when such signs direct traffic to the Property or to a lot within the Property.

(d) **Outdoor Storage and Screening.**

  (i) Screen walls shall be constructed of the same, or comparable, material comprising the exterior walls of the main building and be not less that one foot (1') taller than the item being screened. The screen wall shall screen from the view of all parking areas, major thoroughfares, major collection streets, public streets and other buildings or residences, the following items:

    (1) Refuse containers, utility meters, transformers and satellite dishes, which can be viewed from the front or rear of the building.

6



CERTIFICATE

The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____ 7-16-14
    Deputy

(2)    Loading areas, service areas and outside storage, other than normal parking associated with the use of the lot, which can be viewed from the front or rear of the building.

(ii)    Gates in screen walls shall be solid and of a design and material approved by the Declarant. When not being used, such gates shall remain closed at all times.

(iii)    All screening and outdoor storage must comply with applicable ordinances, rules and regulations of Governmental Authority.

(e)    **Fences.**

(i)    No fence may be built within view of any public or private street (except for restaurant patio areas), unless the fence conforms to the requirements of **Subsection (d)** above.

(ii)    No fence may be erected forward of the building front setback line as prescribed herein and by applicable Governmental Regulations.

(f)    **Parking and Loading Areas.**

(i)    Parking lots shall be paved with concrete, asphalt or other permanent material.

(ii)    All parking areas shall conform to or exceed the requirements of the City building codes and landscape ordinances and applicable ordinances of the City, as amended from time to time.

(iii)    No Inventory, vehicles, equipment or other property may be maintained, stored, or placed outdoors without the express written consent of the Declarant, except for overnight and weekend or holiday parking of business vehicles, and vehicles kept within the loading area of the Improvements.

(iv)    Owners shall be responsible for managing the parking of vehicles by their employees, contractors, customers and invitees.

(g)    **Landscaping.** Each lot must comply with applicable landscape, tree and other applicable ordinances of the City and other Governmental Regulations of applicable Governmental Authority in effect at the time of construction on the Property or any portion thereof.

(h)    **Setbacks.** All setbacks in the Property shall conform to the applicable Governmental Regulations of the City and other applicable Governmental Authority.

(i)    **Off-street parking areas.**

(i)    Shall be curbed, guttered and paved.

(ii)    Shall be built so that grades are acceptable from a civil engineering and public safety standpoint.

(iii)    Shall be landscaped in accordance with the City landscape ordinance. All landscaping shall be maintained in a neat and orderly condition.

(j)    **Building Height Restrictions.** All buildings on the Property will be limited to three (3) stories in height (excluding chimneys, cooling towers, ornamental cupolas, domes or spires, parapet walls not exceeding four feet (4') in height, and basements).

7



CERTIFICATE
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____    7-16-14
    Deputy



**(k)  Maintenance.**

(i)  Construction Sites: Each Owner shall maintain construction sites in a clean condition, removing accumulation of scrap and rubbish regularly and storing construction materials and equipment in a neat, orderly manner. On-site burning or disposal of trash shall be prohibited. Each Owner shall, during construction, provide adequate dumpsters and port-a-potties on site and be responsible for having these receptacles emptied and reset on a regular basis.

(ii)  Developed Property: Outdoor storage of trash, materials, equipment and vehicles must be screened as set forth in **Subsection (d)** herein. All trash must be removed on a regular basis, and in no event less frequently than once weekly.

## 6.  GOVERNMENTAL REQUIREMENTS.

**(a)  Compliance.** All Improvements located, erected, constructed and installed upon the Property and all activities of the Owners, their tenants, invitees, agents, employees and contractors on or about the Property, shall conform to and comply with all applicable Governmental Regulations.

**(b)  Precedence Over Less Stringent Governmental Regulations.** If the covenants, conditions and restrictions set forth in this Declaration set or establish minimum standards or limitations or restrictions on use in excess of any Governmental Regulations, the covenants, conditions and restrictions set forth in this Declaration shall take precedence and prevail over any less stringent Governmental Regulations. Similarly, when any Governmental Regulations are more stringent than those set forth in this Declaration, the more stringent Governmental Regulations shall control.

**(c)  Annexation.** The Property lies within the extraterritorial jurisdiction of the City of Shavano Park, Texas. Each Owner is advised that it is Declarant's intent that the Property be annexed into the city limits of the City upon completion of the initial permanent Improvement on the Property or any portion thereof. By acceptance of a deed to all or any portion of the Property, each Owner covenants and agrees to join in and execute a voluntary petition for annexation and to otherwise support and permit, the annexation of the Property into the city limits of the City, upon request by Declarant at any time after completion of the initial permanent Improvement on the Property or any portion thereof; provided however, that such annexation shall permit the development and use of the Property for all uses permitted under the City's B-2 zoning classification then in effect. Each Owner shall be responsible for its pro-rata portion (based on gross acreage) of the fees charged by the City in connection with the annexation of the Property.

**7.  ENFORCEMENT.** Declarant shall have the right, but not the obligation, to enforce all restrictions and covenants imposed by this Declaration. Failure to enforce any covenant or restriction shall not be deemed a waiver of the right. These covenants may be enforced by Declarant, its permitted successors and assigns, by any and all remedies available at law or in equity, including, without limitation, injunctive relief, without the necessity of showing irreparable harm or injury. Any court action brought to enforce any obligation or restriction hereunder shall, if successful, entitle the prevailing party in such action to the award of costs and attorney's fees.

**8.  INDEMNIFICATION AND RELEASE.** EACH PROSPECTIVE PURCHASER IS RESPONSIBLE FOR THOROUGHLY INSPECTING AND EXAMINING THE PROPERTY AND FOR CONDUCTING SUCH INVESTIGATIONS OF THE PROPERTY AS IT DEEMS NECESSARY TO EVALUATE ITS PURCHASE. BY COMPLETING THE PURCHASE OF ALL OR ANY PART OF THE PROPERTY, EACH PROSPECTIVE PURCHASER IS ACKNOWLEDGING THAT IT IS PURCHASING THE PROPERTY ON AN "AS IS", "WHERE IS" AND "WITH ALL FAULTS" BASIS.

BY PURCHASING ALL OR ANY PART OF THE PROPERTY, EACH OWNER AGREES TO INDEMNIFY AND HOLD HARMLESS AND TO UNCONDITIONALLY RELEASE DECLARANT, ITS PARTNERS, OFFICERS, DIRECTORS, CONTRACTORS, EMPLOYEES AND AGENTS FROM AND AGAINST ANY CLAIMS, COSTS, FEES, EXPENSES, DAMAGES OR LIABILITIES THAT AN OWNER,

8



**CERTIFICATE**
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
        Deputy

HIS FAMILY, EMPLOYEES, GUESTS, TENANTS, CONTRACTORS AND ANY OTHER INVITEES MAY SUFFER OR INCUR AS A RESULT OF, ARISING OUT OF, OR RELATED TO ANY CONDITION ON, IN OR UNDER ALL OR ANY PART OF THE PROPERTY, INCLUDING, BUT NOT LIMITED TO, CAVES, SINKHOLES, STREETS, TREES WITHIN OR NEAR THE STREET RIGHTS-OF-WAY, DRAINAGE FACILITIES, AND OTHER DANGEROUS OBJECTS OR CONDITIONS OF WHICH DECLARANT HAS NO ACTUAL KNOWLEDGE AS OF THE DATE OF RECORDING OF THIS INSTRUMENT OR AS TO WHICH DECLARANT HAS MADE A WRITTEN DISCLOSURE TO OWNER.

9. **TERM.** This Declaration, including all of the covenants, conditions and restrictions herein, shall run until December 31, 2027, unless earlier amended or terminated as herein provided, after which time they shall be automatically extended for successive periods of ten (10) years each, unless terminated by written instrument approved by not less than the then Owners in the aggregate of two-thirds (2/3rds) or more of the gross land area of the Property (and Declarant, if such amendment or termination occurs on or prior to December 31, 2027), and recorded in the Real Property Records of Bexar County, Texas.

10. **GENERAL PROVISIONS.**

(a) **Severability.** Invalidation of any one of the provisions, covenants or restrictions set forth in this Declaration by judgment or court order shall in no wise affect any other provisions which shall remain in full force and effect.

(b) **Binding Effect.** The foregoing covenants are made and adopted to run with the land, and shall be binding upon each Owner of the Property or any portion thereof.

(c) **Assignment by Declarant.** Notwithstanding any provision in this Declaration to the contrary, Declarant may, in a writing filed of record, expressly assign, in whole or in part, any of the privileges, exemptions, rights and duties under this Declaration to another entity that is managed and controlled by Bitterblue, Inc., or any of the principals therein as of the date hereof. Upon assignment by Declarant of any or all of such rights, such Declarant shall no longer be liable for performance of such assigned rights provided that the assignee expressly assumes in the recorded assignment the obligations of Declarant that are assigned. All assignments of Declarant's privileges, exemptions, rights and duties under this Declaration other than that described herein require the written approval of the then Owners of two-thirds (2/3) or more of the gross land area of the Property in order to be effective.

(d) **Amendment.** This Declaration may be amended or terminated by written instrument executed by (i) the then Owners in the aggregate of 2/3rds or more of the gross land area of the Property, and (ii) through and including December 31, 2027, the Declarant, upon recording of such written instrument in the Real Property Records of Bexar County, Texas.

(e) **Singular Includes Plural.** Unless the context requires a contrary construction, the singular shall include the plural and the plural the singular, and the masculine, feminine or neuter shall each include the masculine, feminine and neuter.

(f) **Captions.** All captions and titles used in this Declaration are intended solely for convenience of reference and shall not enlarge, limit or otherwise affect that which is set forth in any of the paragraphs or sections hereof.

(g) **Notice.** Whenever written notice to an Owner is permitted or required hereunder, such notice shall be given by mailing such notice to the address of such Owner appearing on the records of the Declarant, unless such Owner has given written notice to the Declarant of a different address, in which event such notice shall be sent to the Owner at the address so designated. Such notice shall conclusively be deemed to have been given as of the date such notice is deposited in the United States Mail, certified mail, return receipt requested, properly addressed, whether actually received by the addressee or not.

9



CERTIFICATE

The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
        Deputy

(h) **Governing Law.** This Declaration shall be governed by and construed in accordance with the laws of the State of Texas and shall be performable in Bexar County, Texas.

(i) **Counterparts.** This Declaration may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**EXHIBITS:**
Exhibit A - Property

**AFTER RECORDING, RETURN TO:**
Ms. Jamie M. Wilson
Wilson & Wilson Law, P.C.
3303 Oakwell Court, Suite 110
San Antonio, Texas 78218

M:\BB\Shavano Crook Commercial\B&M\Declaration.5dcc

10



**CERTIFICATE**
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
     **Deputy**

7-16-14

**DECLARANT**:

**SHAVANO CREEK COMMERCIAL PARTNERSHIP UNIT 1, LTD.,** a Texas limited partnership

By Its Sole General Partner:
Bitterblue, Inc., a Texas corporation



By: _____
Lloyd A. Denton, Jr., President

STATE OF TEXAS

COUNTY OF BEXAR

This instrument was acknowledged before me on December ___12th___, 2007, by Lloyd A. Denton, Jr., President of Bitterblue, Inc., a Texas corporation, the sole General Partner of Shavano Creek Commercial Partnership Unit 1, Ltd., a Texas limited partnership, on behalf of said limited partnership.

MELISA ROSE WALKER
Notary Public, State of Texas
My Commission Expires
November 02, 2008

_____
Notary Public, State of Texas

11



CERTIFICATE
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
        Deputy

7-16-14

**EXHIBIT A**

## PROPERTY DESCRIPTION



**PAPE-DAWSON**
**ENGINEERS**

LAND DEVELOPMENT   ENVIRONMENTAL   TRANSPORTATION   WATER RESOURCES   SURVEYING

FIELD NOTES
FOR

A 3.079 acre, or 134,111 square feet more or less, tract of land, being out of Lot 1813, County Block 5938 in the Shavano Park, Unit 16A-1 Subdivision recorded in Volume 9553, Page 56 of the Deed and Plat Records of Bexar County, Texas in Bexar County, Texas, out of the Collin C. McCrae Survey Number 391, Abstract 482, County Block 5938. Said 3.079 acre tract being more fully described as follows with the bearing being based on the North American Datum of 1983 (CORS 1996), from the Texas State Plane Coordinate System established for the South Central Zone with the reference bearing being the southeast line of said Lot 1813:

BEGINNING:  At a found nail and cap on the northeast right-of-way line of Lockhill Selma Road, an 86-foot right-of-way, the southwest corner of said Lot 1813, the south corner of Lot 1403 and the south corner of Lot 1404 both of Shavano Park, Unit 16A recorded in Volume 9509, Pages 209-212 of the Deed and Plat Records of Bexar County, Texas;

THENCE:  N 47°42'29" E, departing from the northeast right-of-way of said Lockhill Selma Road, along and with a northwest line of said Lot 1813, the southeast line of said Lot 1404, a distance of 173.86 feet to a found ½" iron rod with cap marked "BPI" at a north corner of said Lot 1813, the west corner of Lot 1814 of said Shavano Park, Unit 16A-1;

THENCE:  S 48°16'11" E, along and with a southwest line of said Lot 1814, a north line of said Lot 1813, a distance of 260.73 feet to a found ½" iron rod with cap marked "BPI" at a south corner of said Lot 1814, a reentrant corner of said Lot 1813;

THENCE:  N 41°50'46" E, along and with the southeast line of said Lot 1814, a northwest line of said Lot 1813, a distance of 214.67 feet to a found ½" iron rod with cap marked "BPI" at a north corner of said Lot 1813, a reentrant corner of said Lot 1814;

THENCE:  S 48°09'14" E, along and with a northeast line of said Lot 1813, a southwest line of said Lot 1814, a distance of 204.21 feet to a found PK nail at a corner of said Lot 1814, the east corner of said Lot 1813, on the northwest right-of-way line of Huebner Road, a 110-foot right-of-way;

THENCE:  S 41°50'46" W, along and with the northwest right-of-way line of said Huebner Road, the southeast line of said Lot 1813, a distance of 361.12 feet to a set ½ inch iron rod with yellow cap marked "Pape-Dawson";

SAN ANTONIO / AUSTIN
WWW.PAPE-DAWSON.COM   555 East Ramsey   San Antonio, Texas 78216   P 210.375.9000   F 210.375.9010

12



**CERTIFICATE**
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
          Deputy

7.16.14

THENCE: N 48°41'11" W, departing from the northwest right-of-way line of said Huebner Road, over and across said Lot 1813, a distance of 21.70 feet to a set ½ inch iron rod with yellow cap marked "Pape-Dawson" at a point of non-tangent curvature;

THENCE: Along the arc of a curve to the right, continuing over and across said Lot 1813, said curve having a radial bearing of N 18°33'09" W, a radius of 50.46 feet, a central angle of 55°58'20", a chord bearing and distance of N 80°33'59" W, 47.36 feet, for an arc length of 49.29 feet to a set ½ inch iron rod with yellow cap marked "Pape-Dawson" at a point of non-tangency;

THENCE: S 41°18'56" W, continuing over and across said Lot 1813, a distance of 44.71 feet to a set ½ inch iron rod with yellow cap marked "Pape-Dawson" on the northeast right-of-way line of said Lockhill Selma Road;

THENCE: N 42°17'31" W, along and with the northeast right-of-way line of said Lockhill Selma Road, the southwest line of said Lot 1813, a distance of 423.65 feet to the POINT OF BEGINNING and containing 3.079 acres in Bexar County, Texas. Said tract being described in accordance with a survey made on the ground and a survey map prepared by Pape-Dawson Engineers, Inc.

PREPARED BY: Pape-Dawson Engineers, Inc.
JOB No.: 9318-07
DATE: September 17, 2007
DOC. ID.: N:\Survey\0717-9400\9318-07\WORD\FN 3.079 AC.doc

**PAPE-DAWSON ENGINEERS**

13



CERTIFICATE
The page to which this certificate is affixed may have been altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
        Deputy

Doc# 20070289789
# Pages 14
12/17/2007    15:05:08 PM
e-Filed & e-Recorded in the
Official Public Records of
BEXAR COUNTY
GERARD RICKHOFF COUNTY CLERK

Fees 64.00

STATE OF TEXAS
COUNTY OF BEXAR
This is to Certify that this document
was e-FILED and e-RECORDED in the Official
Public Records of Bexar County, Texas
on this date and time stamped thereon.
12/17/2007    15:05:08 PM
COUNTY CLERK, BEXAR COUNTY TEXAS



CERTIFICATE
The page to which this certificate is affixed may have been altered to redact confidential personal information but
is otherwise a full, true and correct copy of the original on file and of record in my office.

ATTESTED:_____
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
            Deputy



# Gerard Rickhoff



COUNTY CLERK             BEXAR COUNTY

BEXAR COUNTY COURTHOUSE
100 DOLOROSA, SUITE 104
SAN ANTONIO, TEXAS 78205

## CERTIFICATE

STATE OF TEXAS §

COUNTY OF BEXAR §

     I, GERARD RICKHOFF, COUNTY CLERK OF BEXAR COUNTY, TEXAS, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE OFFICIAL PUBLIC RECORDS OF REAL PROPERTY OF BEXAR COUNTY, TEXAS, NOW IN MY LAWFUL CUSTODY AND POSSESSION AS SAME APPEARS OF RECORD FILED IN:

VOLUME __13266__          PAGE __965__

     THIS COPY MAY HAVE BEEN ALTERED TO REDACT CONFIDENTIAL PERSONAL INFORMATION AS REQUIRED BY TEXAS GOVERNMENT CODE 552.147.

     IN TESTIMONY WHEREOF, WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE GIVEN IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ON THIS __16th__ DAY OF __July__ A.D., 20 __14__ .

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _Edna Cruz Mosley_
Deputy County Clerk

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF RACE, COLOR, RELIGION, SEX, HANDICAP, FAMILIAL STATUS OR NATIONAL ORIGIN IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.